UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| G. W. Adams Jr.; Mark C. Bunch; Thomas L. Young and Bryan Blalock, as Employer Trustees,<br><br>Plaintiffs,<br><br>vs.<br><br>Neal Edgerton; Kenneth Riley Sr.; Benjamin Parker Sr. and Charles Tucker, as Union Trustees,<br><br>Defendants. | C. A. No. 2:05-CV-01330-18<br><br>**ORDER and OPINION** |

This case arises from a dispute among trustees of a joint labor-management pension trust fund. On a motion to amend certain benefits, four trustees appointed by the unions (defendants Neal Edgerton, Kenneth Riley Sr., Benjamin Parker Sr., and Charles Tucker) voted in favor, and four trustees appointed by the employers (plaintiffs G.W. Adams Jr., Mark C. Bunch, Thomas L. Young, and Bryan Blalock) voted against the changes. The union-appointed trustees demanded arbitration, and the employer-appointed trustees filed this suit to block arbitration.

The parties agree there are no material facts in dispute and have filed cross-motions for summary judgment. For the reasons below, the court will deny the plaintiffs' motion, will grant the defendants' motion, and will order the arbitration to go forward.

**I.      FACTUAL HISTORY**

Acting pursuant to the Labor-Management Relations Act (Taft-Hartley), 29

1

U.S.C. § 186(c)(5), the collective bargaining parties in the longshore industry have executed trust agreements creating pension trust funds in various ports. The fund in the Port of Charleston is the Waterfront Employers-International Longshoremen's Association Pension Fund (WE-ILA). The Trust Agreement provides that the employers and the unions each appoint four Trustees, who prepare a detailed Pension Plan and operate it within the broad guidelines laid out in the Trust Agreement. The Fund is financed by contributions specified in the collective bargaining agreement, augmented by income on the Fund's assets. The Trustees have no power over the level of contributions under the collective bargaining agreement, but do have the power over the type and amounts of benefits, including the power to raise or lower the benefits.

The Trust Agreement contains an arbitration clause as follows:

<u>Neutral Umpire in Case of Deadlock</u>
In the event a deadlock shall arise over the administration of the Pension Plan, or any question before the Trustees, the Trustees representing the Employer and the Trustees representing the Union will attempt to agree upon the designation of an impartial umpire. If no umpire is agreed upon, either party may submit the dispute to the American Arbitration Association for the designation of an impartial umpire to resolve the dispute in accordance with its rules and regulations.

Trust Agreement ¶ 12. At the Trustees' meeting of August 27, 2004, the union trustees moved for changes in three types of benefits:

Trustee Edgerton, seconded by Trustee Riley, made a motion (1) to make the 4.5% interest rate for the Supplemental Bonus permanent and compounded; (2) to make the Disability Retirement Benefit permanent and categorized as an Early Retirement Benefit; and (3) to give a $750 thirteenth check to the Retirees.

As noted above, the four union Trustees voted for the motion while the four employer trustees voted against it. The union trustees called for deadlock arbitration and

the employer Trustees opposed it, which ultimately gave rise to this lawsuit.[1]

## II.  STANDARD OF REVIEW

Summary judgment should be granted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  As noted, the parties concur that there are no material facts in dispute.

## III.  DISCUSSION

Arbitration is a familiar practice, especially in the labor area.  The United States Supreme Court has strongly endorsed arbitration in the collective bargaining arena,[2] and Congress has explicitly required arbitration clauses in pension and welfare agreements.  See 29 U.S.C. § 186(c)(5); NLRB v. Amax Coal Co., 453 U.S. 322, 337 (1981) (noting § 186 "explicitly provides for the compulsory resolution of any deadlocks among welfare fund trustees by a neutral umpire.").

Nevertheless, it is this court's responsibility to decide whether the parties contracted to arbitrate in this case.  AT&T Tech Inc. v. Comm'n Workers of Am., 475 U.S. 643, 649 (1986).  In making that determination, the court observes that the arbitration clause in this Trust Agreement is broad, covering a deadlock over "the

---

[1] At a later meeting, the Trustees unanimously adopted the proposal regarding the "$750 thirteenth check," and that part of the motion is no longer at issue.

[2] See, e.g., United Steelworkers v. American Manufacturing Co., 363 U.S. 564 (1960); United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574 (1960); United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960).

administration of the Pension Plan, or any question before the Trustees." As to the issue in dispute – a change in benefits – the Trust Agreement specifically gives Trustees the power to raise and lower benefits, and the Trustees have done so many times over the years.

Although the Fourth Circuit has not ruled on the arbitrability of a pension benefit change, other circuits have ruled on the question and have consistently upheld arbitration. In Geigle v. Flacke, 768 F.2d 259 (8th Cir. 1985), the court of appeals ordered arbitration based on broad language in the agreement and past practice of the trustees:

> [T]he Trust Agreement specifically sets out the powers of the Trustees in connection with the operation and administration of the Plan. One such power, listed in subsection (u), is the power to increase benefits. As we have pointed out previously, the Trustees have exercised that power fourteen times in the past. A power that the Trustees have exercised, seemingly routinely, on so many prior occasions cannot be appropriately classified as extraordinary.

761 F.2d at 261-62. Other courts of appeals have come to the same conclusion on similar facts.[3]

Plaintiffs argue chiefly that the proposal at issue – a benefit increase – is beyond the power of an arbitrator because it is beyond the power of the Trustees themselves. Plaintiffs contend the Trustees lack the power to increase benefits because the Trust has unfunded liabilities and the Trust Agreement forbids benefit increases during times of unfunded liabilities.

The court agrees that arbitrators have no power to order what the Trustees

---

[3] See Hauskins v. Stratton, 721 F.2d 535 (5th Cir. 1983); Hawkins v. Bennett, 704 F.2d 1157 (9th Cir. 1983); Employee Trustees of the Eighth Dist. Elec. Pension Fund v. Employer Trustees, 959 F.2d 176 (10th Cir. 1992).

themselves may not do, but does not agree that an unfunded liability deprives the Trustees of power to increase benefits. The Trust Agreement addresses the Trustees' power to set benefit levels:

> The Trustees shall also have authority to review, from time to time, the benefits provided by said Pension Plan, and to increase or decrease such benefits to such extent as in their prudent judgment and discretion they shall deem advisable, giving due regard to the financial resources of the Trust.

Trust Agreement ¶ 6(f). This language, with its double reference to the discretion of the Trustees ("prudent judgment" and "due regard to the financial resources") negates any intent to create a hard-and-fast rule cutting off the Trustees' discretion at an arbitrary line on the balance sheet. The broad delegation to the Trustees confirms the flexibility of the Trustees' powers.

Plaintiffs point to several Trust Agreement clauses, chiefly ¶ 6(b), which directs the Trustees to formulate a Pension Plan:

> The Trustees, in the formulation of the Plan, shall not have authority to commit either the Union or the Employer for amounts other than financial resources of the Trust and Employer contributions stipulated in their current bargaining agreements.

Trust Agreement ¶ 6(b). Deficit financing of benefits, if that is what the disputed proposal does,[4] does not violate this provision. The bargaining parties, employers and unions, remain in control of their contributions; if unfunded liabilities become a problem

---

[4] The parties sparred with financial statistics, past and present, but those are for the arbitrator. To the extent they were facts in dispute, they are not material and therefore do not stand in the way of resolving this case on summary judgment.

5

for the Fund, the Trustees may exercise their power to cut benefits.[5]  Plaintiffs cite no other provisions of the Trust Agreement barring a benefit increase in a time of unfunded liabilities.

The plaintiffs also question whether the tie vote of the Trustees amounted to a "deadlock" within the meaning of the Act and the Trust Agreement.  The court is satisfied that "deadlock" means a tie vote in this situation.  Not only is that the natural meaning of the word, but adopting the plaintiffs' suggested meaning ("stoppage or standstill resulting from the opposition of two unrelenting forces") would contradict Congress's evident goal in requiring arbitration.  That goal was to provide an expeditious method resolving disputes, but plaintiffs' definition would create uncertainty as to when the dispute becomes a deadlock, and would prolong and aggravate disputes rather than facilitate their resolution.  No case presented to the court has held that a tie vote is not a deadlock, and this court declines to be the first.

Finally, plaintiffs challenge an ancillary portion of the arbitration question.  The disputed motion to increase benefits was apparently accompanied by a proposed recommendation about how to fund the increase.  Plaintiffs contend that an arbitrator cannot compel a fiduciary recommendation regarding fund management because a fiduciary decision must be independent.  This point appears to be simply a restatement of plaintiffs' basic opposition to arbitration of the benefit increases, and does not advance plaintiffs' position.  The recommendation is not binding on the fund's contributors.  Plaintiff's argument is also inconsistent with the Trust Agreement's broad description of

---

[5] The Pension Plan explicitly allows benefits to be cut retroactively in case of extreme hardship.  Pension Plan § 19.01.

the arbitrator's power. The arbitrator has the authority to hear "any question before the Trustees" in the event of a deadlock. Trust Agreement ¶ 12. The power to make recommendations is not explicitly in the Trust Agreement, although the Trustees "have the power to do all acts . . . whether or not expressly authorized herein which the Board may deem necessary or appropriate to accomplish the objectives of maintaining the Trust." Trust Agreement ¶ 6(m). Therefore, the arbitrator has authority to make recommendations because the Trustees have such power.[6] This ancillary portion of the motion may not even be in dispute by the time the benefit increases are ruled on, but the court finds no basis in the law to keep the arbitrator from proceeding with the questions presented. See Glass v. Kidder, Peabody & Co., 114 F.3d 446 (4th Cir. 1997).

## IV.    CONCLUSION

For the reasons set forth above, it is therefore **ORDERED** that defendants' motion for summary judgment is **GRANTED**, and that plaintiffs' motion for summary judgment is **DENIED**. Judgment will enter directing the parties to proceed to arbitration in accordance with the WE-ILA Trust Agreement.

---

[6] When presented with a similar challenge to an arbitrator's authority, the Eighth Circuit focused on the scope of the arbitration clause. Geigle, 768 F.2d at 263 fn. 1. In Geigle the employer trustees refused to arbitrate a union-proposed benefits increase; the Trust Agreement permitted arbitration of deadlocks over decisions to increase benefits. The employer contended that only the trustees as fiduciaries could order a benefits increase. The court disagreed, holding that the agreement itself characterized the question at issue as one which is arbitrable. Similarly, the question at issue - issuing a recommendation to the bargaining parties - is a "question before the Trustees" and is thus arbitrable.

AND IT IS SO ORDERED.

*[signature]*

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 20, 2005**
**Charleston, South Carolina**